Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GELLY FLORES FELIÚ Y OTROS<br><br>Peticionarios<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY Y OTROS<br><br>Recurridos | KLCE202500116 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2024CV00394<br><br>Sobre:<br><br>Accidente de Tránsito |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de febrero de 2025

Comparecen ante nos, Gelly Flores Feliú (en adelante, "señora Flores") y Jessica Cristina Barreto Cabiya (en lo sucesivo, "señora Barreto"), (en adelante, en conjunto "las peticionarias"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Orden*" emitida el 10 de diciembre de 2024 y notificada el 11 de diciembre de 2024, y la "*Orden*" emitida y notificada el 21 de enero de 2025, ambas dictaminadas por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante las referidas órdenes, dicho tribunal declaró *No ha Lugar* la *"Solicitud de Enmienda a la Demanda"* y la *"Moción Informativa,"* ambas presentadas por las peticionarias, dentro de un pleito sobre responsabilidad civil extracontractual entablado en contra de la parte recurrida, compuesta por Universal Insurance Company ("Universal"); Casa de Oración y Restauración Con Cuerdas de Amor, Inc. ("Iglesia Cuerdas de Amor"); Myrta Leída Rodríguez Luna ("señora Rodríguez"); y Michelle Torres Rodríguez ("señora Torres").

Número Identificador

RES2025_____

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *Certiorari* presentado por las peticionarias.

**I.**

El 18 de enero de 2024, las peticionarias presentaron la "*Demanda*" de epígrafe. La señora Flores y la señora Barreto son madre y sobrina respectivamente de la señora Ángela María Cabiya Flores (señora "Cabiya"), quien a su vez es la presunta agraviada de los hechos que a continuación se relatan. En síntesis, las peticionarias instaron una causa de acción de daños y perjuicio en contra de la parte recurrida por el impacto mediante vehículo de motor que recibió el 12 de junio de 2022 la señora Cabiya en las instalaciones de la Iglesia Cuerdas de Amor. Sobre el particular, argumentaron que la señora Cabiya caminaba por los anexos de la Iglesia Cuerdas de Amor cuando fue atropellada por un vehículo de motor conducido por la señora Rodríguez. A raíz de ello, adujeron, que la señora Cabiya fue llevada a un Hospital, donde permaneció inconsciente por una semana y media. A su vez, alegaron que en dicho Hospital se le brindó servicio médico por las fracturas que sufrió como consecuencia del aludido impacto vehicular.

Para sustentar la reclamación de epígrafe, las peticionarias aseveraron que los precedentes hechos le ocasionarion daños emocionales y mentales. Sostuvieron a su vez, que los daños sufridos se deberieron a la culpa y negligencia de la Iglesia Cuerdas de Amor y su aseguradora Universal, debido a que no tomaron las medidas necesarias mediante letreros, control de tráfico, entre otros, a los efectos de prevenir la ocurrencia de accidentes. Asimismo, argumentaron que la señora Rodríguez y la señora Torres eran solidariamente responsables de los daños reclamados: la primera por conducir de forma negligente y la segunda por ser la dueña registral del vehículo en cuestión y dar autorización a la señora Rodríguez para manejar el mismo. En vista de ello, las peticionarias solitaron una indemnización de $200,000.00, para cada una; mas costas; gastos, intereses; y honorarios de abogado.

En respuesta, el 9 de abril de 2024, la señora Rodríguez presentó "*Contestación de Demanda*." En suma, aceptó que el día de los presentes hechos era la conductora del vehículo de motor al que se hace referencia en la "*Demanda*." Además, admitió que al conducir el referido vehículo atropelló a la señora Cabiya. Sin embargo, sostuvo, que dado a las condiciones pésimas del estacionamiento, no pudo observar que la señora Cabiya estaba en ese momento caminando por el área de los hechos. Ante ello, negó que haya cometido acto culposo o negligente alguno.

Por su parte, el 18 de abril de 2024, Universal presentó "*Contestación a Demanda*." En esencia, admitió que al momento de los hechos tenía una poliza vigente expedida a favor de su asegurada, la Iglesia Cuerdas de Amor. Sostuvo, que dicha poliza se limitaba a los términos y condiciones establecidos en el contrato de seguro. De otra parte, negó toda responsabilidad en daños imputada a la Iglesia Cuerdas de Amor y a Universal.

En la misma fecha, la Iglesia Cuerdas de Amor, presentó "*Alegación Responsiva*." En resumidas cuentas, admitió que al momento de ocurrir los hechos que hoy nos ocupan tenía una poliza de seguros a su favor expedida por Universal. No obstante, negó que haya incurrido en acto culposo o negligente que diera lugar a una responsabilidad en daños.

Así las cosas, el 19 de abril de 2024, el foro recurrido notificó una "*Orden*." Mediante esta, señaló vista sobre "*Conferencia con Antelección a Juicio y Vista Transaccional*" para el 16 de octubre de 2024. A su vez, estableció el 12 de agosto de 2024 como la fecha en que concluiría el descubrimiento de prueba del caso. Posteriormente, el 24 de mayo de 2024, a petición de las partes, el foro recurrido notificó una nueva "*Orden*." A través de esta, extendió hasta el 3 de septiembre de 2024 la fecha limite para concluir el descubrimiento de prueba.

Por otro lado, el 27 de mayo de 2024, la señora Torres presentó "*Contestación de Demanda.*" En esencia, aceptó que es la dueña registral del vehículo en cuestión; reprodujo similares alegaciones responsivas a las previamente producidas por la señora Rodríguez y negó que haya incurrido en actuaciones u omisiones que requieran un resarcimiento en daños.

El 19 de agosto de 2024, Universal presentó una "*Urgente Moción Informativa Socitando Término Adicional de Descubrimiento de Prueba y Conversión de Vista.*" Esto, a los efectos de solicitar que la *"Conferencia con Antelección a Juicio y Vista Transaccional,"* previamente señalada, se convirtiera en una vista de seguimiento. A su vez, peticionó que se extendiera el descubrimiento de prueba por sesenta (60) días adicionales. Ante ello, el 21 de agosto de 2024, el foro recurrido notificó una "*Orden.*" Mediante esta, entre otras cosas, no autorizó la conversión de vista; reseñaló la "*Conferencia con Antelección a Juicio y Vista Transaccional*" para el 22 de enero de 2025; y extendió el descubrimiento de prueba para el 18 de noviembre de 2024.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 4 de diciembre de 2024, las peticionarias presentaron "*Solicitud de Enmienda a la Demanda.*" Mediante el escrito, sostuvieron que el 3 de diciembre de 2024, Universal le tomó deposición a la copeticionaria, señora Barreto. Sobre el particular aseveraron que, surgió de las desclaraciones prestadas por la señora Barreto, que ella había tenido que renunciar a su empleo para brindarle cuidados de salud a la señora Cabiya, por lo cual alegaron que la señora Barreto había sufrido una pérdida de ingresos. Sustentaron su solicitud bajo la expresión de que sus abogados no habían advenido en conocimiento de dicha pérdida de ingresos. A su vez, esgrimieron que a la señora Barreto no ser abogada, desconocía que podía ser indemnizada por la referida pérdida. En vista de ello, peticionarion al foro recurrido que autorizara una enmienda a la "*Demanda*" a los fines de incluir la aludida reclamación.

En atención de ello, el 5 de diciembre de 2024, el foro recurrido notificó una "*Orden.*" Mediante esta, declaró *Ha Lugar* la "*Solicitud de Enmienda a la Demanda.*"

En desacuerdo, en la misma fecha, la señora Torres y la señora Rodríguez presentaron en conjunto una "*Oposición a Enmienda a Demanda.*" En esencia, sostuvieron que el descubrimiento de prueba del caso había culminado el 18 de noviembre de 2024. A tono de ello, aseveraron que el pleito de epígrafe se encontraba en una etapa avanzada de los procedimientos, dado que existía un señalamiento de conferencia con antelación a juicio para el 22 de enero de 2025, por lo que enmendar la "*Demanda*" implicaría una dilacion de los procedimientos. Ante ello, solicitaron que la "*Solicitud de Enmienda a la Demanda*" fuera declarada *No Ha lugar.*

Luego de evaular los argumentos esbozados por la señora Torres y la señora Rodríguez, el 11 de diciembre de 2024, el foro recurrido notificó la primera de las dos (2) ordenes que hoy nos ocupan. Mediante esta, declaró *No ha Lugar* la *"Solicitud de Enmienda a la Demanda,"* presentada por las peticionarias, dejando sin efecto la "*Orden*" que autorizaba la referida enmienda.

Sobre la "*Orden*" notificada el 11 de diciembre de 2024, oportunamente, el 23 de diciembre de 2024, las peticionarias presentaron "*Moción de Reconsideración.*" El 13 de enero de 2025, el foro recurrido declaró *No Ha Lugar* la aludida moción. Dicha determinación se notificó el 15 de enero de 2025.

Así las cosas, el 16 de enero de 2025, las partes, en conjunto, presentaron el "*Informe para la Conferenecia con Antelación al Juicio.*" Posteriormente, el 20 de enero de 2025, las peticionarias presentaron *"Moción Informativa.*" Mediante esta, solicitaron que un caso de numeración alfanumérica SJ2025CV00448, presentado en la misma fecha de esta petición, fuera consolidado con la reclamación de epígrafe. Ampararon su solicitud en la postura de que el caso SJ2025CV00448

trata de los mismos hechos aquí presentes y versa sobre una causa de accion instada por la presunta agraviada, la señora Cabiya.

En reacción, el 20 de enero de 2025, la señora Torres presentó "*Oposición a Consolidación de Casos.*" En síntesis, se opuso argumentando que el presente caso se encontraba en una etapa procesal avanzada.

En atención de los escritos presentados, el 21 de enero de 2025, el foro recurrido notificó la segunda "*Orden*" que se enecuentra hoy ante nuestra consideración. Mediante esta, declaró *No Ha Lugar* la *"Moción Informativa,"* presentada por las peticionarias mediante el siguiente pronunciamiento: "*Evaluada la posición de ambas partes, se declara no ha lugar a la solicitud de consolidación. Debemos destacar que, para mañana está pautada la conferencia con antelación al juicio y vista transaccional mientras que el caso que se solicita consolidación a penas se acaba de presentar*".

Posteriormente, el 22 de enero de 2025, las partes comparecieron a la vista intitulada "*Conferencia con Antelación a Juicio y Vista Transaccional.*" Surge de la "*Minuta*" de la referida vista, la cual fue notificada el 27 de enero de 2025, que el foro recurrido determinó reseñalar la aludida conferencia para el día 5 de marzo de 2025.

En desacuerdo con las ordenes notificadas el 11 de diciembre de 2024 y el 21 de enero de 2025, el 6 de febrero de 2025, las peticionarias comparecieron ante nos mediante un recurso de *certiorari*. A través de este, esbozaron los siguientes señalamientos de error:

> COMETIÓ ERROR DE DERECHO Y ABUSO DE DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR EL PERMISO PARA ENMENDAR LA DEMANDA EN UNA ETAPA QUE NO ES TARDÍA, QUE NO CAUSA PERJUICIO A LOS DEMANDADOS, QUE NO CONDICE A UNA INJUSTICIA Y QUE DEBIÓ CONCEDERSE LIBERALMENTE.

> COMETIÓ ERROR DE DERECHO Y ABUSO DE DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE CONSOLIDACIÓN DE DOS CASOS QUE TIENEN EN COMÚN LOS HECHOS, EL DERECHO Y LOS DEMANDADOS, Y SE PRESENTÓ EN ESTA ETAPA PORQUE ANTES HABÍA IMPEDIMENTO LEGAL PARA HACERLO.

## II.

### Recurso de *Certiorari*:

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd*. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce*

*de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.*; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd.*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos

del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

En el caso ante nuestra consideración, las peticionarias recurren de dos (2) ordenes emitidas por el foro recurrido. Dichas ordenes deniegan las solicitudes de las peticionarias para enmendar la "*Demanda*" y consolidar el caso de epígrafe con un pleito radicado en enero del 2025 por los mismos hechos.

Sabido es que "[e]l efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra, citando a *In re Collazo I*, 159 DPR 141, 150 (2003). Así pues, los foros apelativos le concedemos deferencia al trámite ordinario de los casos que se ventilan ante el foro primario, dado que es el tribunal que conoce mejor las particularidades de dichos casos y quien está en mejor posición para trazar su curso hasta su resolución final. Véase, *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012).

La controversia que nos ocupa versa sobre dos asuntos atinentes al manejo de caso del tribunal de instancia. Por un lado se recurre de una determinación denegando unan enmienda a la demanda reclamando una nueva causa de acción por pérdida de ingresos. Por otro lado, se alega como error el no consolidar este caso con uno recién presentado por una de las partes, luego de ser dada de alta por la Administración de Compensación por Accidentes de Automóvil (ACAA). Ambas órdenes no están contempladas en las instancias establecidas en el Regla 52.1, *supra* para la expedición del recurso discrecional de Certiorari por lo que

no ejerceremos nuestra facultad de revisión sobre los méritos del referido recurso. Por lo tanto, *denegamos* su expedición.

**IV.**

Por los fundamentos expuestos, *denegamos* la expedición del presente auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones